[No. B017898. Second Dist., Div. Five. May 29, 1986.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
KEUFFEL & ESSER COMPANY, Real Party in Interest.

## COUNSEL

Ira Reiner, District Attorney, Donald J. Kaplan and Brent Riggs, Deputy District Attorneys, for Petitioner.

No appearance for Respondent.

Gibson, Dunn & Crutcher, John E. Burns and Judith F. Daar for Real Party in Interest.

Basich & Barish and Herbert M. Barish as Amici Curiae on behalf of Real Party in Interest.

## OPINION

**HASTINGS, J.**—The issue in this original proceeding is whether a corporate defendant in a criminal case may be compelled to produce corporate records and information derived therefrom in response to a prosecution discovery request. In this case, the municipal court granted the People's request for discovery and defendant Keuffel & Esser Company thereafter petitioned for a writ of prohibition in the superior court. Citing *People* v. *Collie* (1981) 30 Cal.3d 43 [177 Cal.Rptr. 458, 634 P.2d 534, 23 A.L.R.4th 776], the superior court granted the petition, and the People sought relief in this court.

We hold that the restraints placed upon prosecutorial discovery in *Collie* are inapplicable in this case, and that the People are entitled to the discovery granted by the municipal court.

Defendant is charged in a misdemeanor complaint with discharging excess amounts of zinc into the sewers of the County of Los Angeles, in violation of the county's wastewater ordinance. Shortly after the complaint was filed, the People filed a discovery motion seeking corporate records and other information relating to defendant's manufacturing process and methods of disposing of chemical waste materials during that process. The request was granted, with some limitations and modifications.[1]

Although defendant's counsel raised an objection to the entire motion, he indicated at the hearing before the municipal court that defendant would be able to comply with the discovery order within 30 days, the same time permitted in a "normal civil case."[2] Defendant instead filed a petition for writ of prohibition in the superior court. The superior court granted the petition under the authority of *People* v. *Collie, supra.*

■ We hold that *Collie* applies only to individual, and not corporate, defendants, and therefore the superior court erred in granting the relief requested by defendant.

In *Collie,* the defendant was convicted of the attempted second degree murder of his daughter and the forcible sodomy and attempted first degree murder of his estranged wife. Although ultimately finding that the ruling was harmless error, the Supreme Court held that the trial court should not have granted the prosecutor's motion to discover notes of a defense investigator. While acknowledging that there were no clear rules relating to

---

[1] The municipal court was careful in exercising its discretion to limit the scope of discovery to include only nonprivileged information which was relevant to the issues of the case. The court denied the motion as to the requests for "a list of all witnesses to be called by Keuffel & Esser, Inc. during trial" and "any additional relevant information known to the defendant or its attorney, excluding work product, whether reduced to writing or not which relates to this case." The court also limited the request to certain time periods and limited the records to those involving the use and disposal of zinc.

[2] The following exchange took place between the court and counsel for the parties:

"THE COURT: Okay. That will be the order, the discovery order, with those limitations.

"MR. BURNS [Defendant's counsel]: We will need some time to do this. I mean, even limited it is going to be quite a bit of work.

"THE COURT: No problem. The corporation has waived time so far. I take it time will continue to be waived?

"MR. BURNS: That is correct.

"THE COURT: When would the corporation feel that the discovery—

"MR. BURNS: In a normal civil case I think 30 days would be appropriate.

"THE COURT: Any objection by the People?

"MR. TRUTANICH [Counsel for the People]: I have no objection."

discovery motions directed at the defense, resulting in confusion among the Courts of Appeal, the court declined to fashion any such rule, deferring to the "original primacy of the Legislature in the field of creating rules of criminal procedure." (30 Cal.3d at p. 54.) The court also expressed "grave doubts" that *any* discovery rule aimed at criminal defendants could pass constitutional muster. (30 Cal.3d at p. 56.) With the exception of such "non-testimonial" evidence such as "fingerprints, blood samples, breath samples, appearances in line-ups, and handwriting and voice exemplars" (30 Cal.3d at p. 55, fn. 7), the court effectively abolished prosecutorial discovery in California.

As the parties to this proceeding have correctly concluded, neither *Collie* nor any of the other California cases which have addressed the issue of discovery directed at the defense have involved a *corporate* defendant. That distinction is crucial to this case.

■ *Collie's* prohibition against discovery directed at the defense flows from the fundamental principle, expressed in the Fifth Amendment to the United States Constitution, that a defendant may not be compelled to incriminate himself or provide by way of discovery a "link in the chain" of evidence which might tend to establish his guilt. (*Prudhomme* v. *Superior Court* (1970) 2 Cal.3d 320 [85 Cal.Rptr. 129, 466 P.2d 673].)

■ The determinative factor which distinguishes *Collie* and its predecessors from the present case is that a corporation does not have the Fifth Amendment privilege against self-incrimination. (*Bellis* v. *United States* (1974) 417 U.S. 85 [40 L.Ed.2d 678, 94 S.Ct. 2179]; *People* ex rel. *Clancy* v. *Superior Court* (1985) 39 Cal.3d 740, 745 [218 Cal.Rptr. 24, 705 P.2d 347].) In the leading case of *Bellis* v. *United States, supra,* a case involving partnership records, the United States Supreme Court reaffirmed what it called its "consistent view" that "no artificial organization may utilize the personal privilege against compulsory self-incrimination." (417 U.S. at p. 90 [40 L.Ed.2d at p. 685].) The privilege is a purely personal one, and should be "limited to its historic function of protecting only the natural individual from compulsory incrimination through his own testimony or personal records." (417 U.S. at pp. 89-90 [40 L.Ed.2d at p. 684], citing *United States* v. *White,* 322 U.S. 694 [88 L.Ed. 1542, 64 S.Ct. 1248, 152 A.L.R. 1202].)

As the records involved here are corporate, not personal, they are not protected by the privilege against self-incrimination.

The *Collie* court's concern that prosecutorial discovery might violate the attorney-client privilege, the work product privilege, and the Sixth Amendment right to effective assistance of counsel is likewise inapplicable here.

The court in *Collie* was troubled by the federal due process requirement of reciprocity in discovery, (*Wardius* v. *Oregon*, 412 U.S. 470 [37 L.Ed.2d 82, 93 S.Ct. 2208]), which it felt might impair a defendant's Sixth Amendment right to counsel. Under "notice of alibi" rules, a defendant who intends to present an alibi defense must so notify the prosecution, which then may obtain through discovery evidence relating to defendant's alibi witness for use in impeaching the witness' testimony. In the *Collie* court's view, defense counsel's ability to "freely investigate and effectively present the defense could be seriously compromised" if counsel knew that information obtained from possible alibi witnesses could fall into the prosecution's hands. (30 Cal.3d at p. 55.) The court also noted that such rules would penalize the defendant whose attorney was "most vigilant in gathering, recording and studiously analyzing evidence to prepare the defense."

Neither of these concerns apply in this case. The People seek only corporate records or information which defendant will be able to provide by reviewing those records. This is not material which has been vigilantly "gathered, documented, recorded and studiously analyzed" by defense counsel. For the same reason, the "notice of alibi" problems which troubled the *Collie* court are inapplicable here. This is not the type of case which would give rise to an alibi defense, nor is defendant being required to provide information, garnered in support of its defense, which the prosecution intends to use for purposes of impeachment.

Defendant's contention that the discovery sought here would interfere with its attorney-client relationship is likewise unavailing. Defendant's argument is that its attorney's efforts on behalf of the defense will suffer if counsel is compelled to "sift through numerous documents and make a decision about which documents are responsive to a civil-type discovery motion." ■ However, the attorney-client privilege is not designed to afford the client protection against diversion of its attorney's resources, but rather is to prevent disclosure of confidential communications between lawyer and client. (Evid. Code, § 950 et seq.; Witkin, Cal. Evidence (3d ed. 1986) § 794 et seq.) ■ The municipal court's order does not compel disclosure of such confidential communications. The attorney work product privilege afforded by Code of Civil Procedure section 2016 is likewise inapplicable here as the People do not seek protected work product.

The *Collie* court's final concern—the risk that arguably privileged material might be revealed—was eliminated when the municipal court struck from the People's motion any request which might lead to the production of privileged information.

Let a peremptory writ of mandate issue directing the superior court to vacate its order of October 30, 1985, and the judgment entered December

11, 1985, granting the petition of defendant Keuffel & Esser Company for a writ of prohibition, and enter a new and different order denying the petition, in that matter entitled People of the State of California v. Keuffel & Esser Company, Los Angeles Municipal Court, Pasadena Judicial District, case No. MO 34994 (superior court case No. C564649).

Ashby, Acting P. J., and Eagleson, J., concurred.

A petition for a rehearing was denied June 19, 1986, and the petition of real party in interest for review by the Supreme Court was denied August 21, 1986. Mosk, J., and Panelli, J., were of the opinion that the petition should be granted.